IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **KIMBLEY DENISE HILL** | § | |
| | § | |
| V. | § | A-08-CV-079 LY |
| | § | |
| **CITY OF AUSTIN PUBLIC WORKS,** | § | |
| **ET AL.** | § | |

**REPORT AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Howard & Kobelan's Rule 12(b)(6) Motion to Dismiss, filed on February 19, 2008 (Clerk's Doc. No. 24); Plaintiff's Motion to Amend, filed on February 29, 2008 (Clerk's Doc. No. 27); and Plaintiff's Motion to Continue, filed on February 29, 2008 (Clerk's Doc. No. 28).[1]  The District Court referred the above-motion to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, as amended.

**I. ANALYSIS**

Plaintiff Kimbley Denise Hill ("Plaintiff") alleges in her Complaint that her former employer, the City of Austin, discriminated against her because of her sex and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq.  In addition to suing the Public Works Department of the City of Austin, Plaintiff has named numerous other defendants

---

[1] Although Plaintiff entitles her responsive pleadings (Document Nos. 27 and 28) to Defendant's Motion to Dismiss as "Motion to Amend" and "Motion to Continue," these pleadings are merely responses to Defendant's Motion to Dismiss.  Although the Court will consider the arguments contained in the body of the pleadings, **the Court will DENY the "Motions" to Amend and Continue (Clerk's Doc. Nos. 27 & 28).**

including various city officials, the EEOC investigator assigned to her case, and Howard & Kobelan, the law firm which formerly represented Plaintiff when she filed her charge of discrimination with the EEOC.  Defendant Howard & Kobelan has now filed the instant Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff's Complaint has failed to state a claim upon which relief can be granted against it in this case.

### A.    Standard of Review

In considering a Rule 12(b)(6) motion, the district court must liberally construe the complaint in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.), *cert. denied*, 476 U.S. 1159 (1986).  The district court may not dismiss a complaint under rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  However, in order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations.  *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir.1994).

### B.    Should the Motion be Granted?

Defendant Howard & Kobelan argue that it should be dismissed from this lawsuit because Plaintiff's Complaint has failed to allege a valid claim against it under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.  Howard & Kobelan notes that although Plaintiff named it as a Defendant in the case, Plaintiff's Complaint fails to even mention the firm in the body of the Complaint.  Howard & Kobelan note that it merely represented Plaintiff when she filed her charge of discrimination with the EEOC and that at no point was Plaintiff ever an employee of the firm and thus it argues that it cannot be held liable as an "employer" under Title VII.  The Court agrees.

Only employers may be held liable under the provisions of Title VII of the Civil Rights Act of 1964. *Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir.), *cert. denied*, 513 U.S. 1015 (1994). See also, 42 U.S.C. § 2000e-2(a) ("[i]t shall be an unlawful employment practice for an *employer* . . . to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin"(emphasis added)). In determining whether a defendant is an "employer" under Title VII, the Court must use a two-step process. *Muhammad v. Dallas County Comty. Supervision and Corrections Dep't*, 479 F.3d 377, 380 (5th Cir. 2007). First, the court must determine whether the defendant falls within Title VII's statutory definition of an "employer." *Id.* Title VII defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees . . ., and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). If the defendant meets this definition, the court must then analyze whether an employment relationship exists between the plaintiff and the defendant. *Muhammad*, 479 F.3d at 380. This is determined by applying a "'hybrid economic realities/common law control test," where the Court must look to whether the alleged employer has the right to control the employee's conduct such as in hiring, firing, and in supervising the work schedule of the employee. *Id.* The economic realities component of the test focuses on "whether the alleged employer paid the employee's salary, withheld taxes, provided benefits, and set the terms and conditions of employment." *Id.* (citations omitted).

Under the above test, Howard & Kobelan clearly could not be considered an "employer" of Plaintiff. Plaintiff hired Howard & Kobelan to represent her in her discrimination charge filed with the EEOC. Plaintiff was never employed by Howard & Kobelan and thus could not have been considered an employee of the law firm. Accordingly, Howard & Kobelan cannot be held liable as

an employer under Title VII.  While Plaintiff complains that Howard & Kobelan's representation of her case was ineffective and accuses the firm of malpractice, these allegations are outside the scope of the instant Title VII lawsuit.  Accordingly, Howard & Kobelan's Motion to Dismiss should be granted.

## II.  RECOMMENDATION

The Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Howard & Kobelan's Rule 12(b)(6) Motion to Dismiss (Clerk's Docket No. 24) and dismiss Defendant Howard & Kobelan from this lawsuit.

## III.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

      SIGNED this 19th day of March, 2008.

                                          ANDREW W. AUSTIN
                                          UNITED STATES MAGISTRATE JUDGE